*Lewis Curtis et al.* v. *Cyrus Hitchcock.* W. C. NOYES, for complainants; W. C. WETMORE, for defendant. The chancellor stated that where the complainant in a foreclosure suit dismisses his bill as against a judgment creditor who has a subsisting lien on the mortgaged premises, or leaves his name out of the bill by amendment, the safer course was to file a new notice of the pendency of the suit against the remaining parties; so as to render it perfectly certain that the judgment creditor whose name is left out after the filing of the first notice will be barred by the foreclosure and sale. And he decided that where the bill is amended by adding new parties after the filing of the notice of *lis pendens*, a new notice is absolutely necesssary to bar the rights of the judgment creditors of such new parties, as well as to make the amended bill constructive notice to subsequent purchasers from such new parties. That a notice of *lis pendens* filed before the passing of the act of 1840, to reduce the expense of foreclosing mortgages, is not a sufficient notice to bar the rights of judgment creditors who are not made parties. But that an

*Notice of lis pendens.*

absolute decree subsequent to the act of 1840, and where the record of the proceedings in this court did not show that the provisions of the act had not been complied with, the want of a proper notice did not prevent the rights of the junior credit-ors who had only a general lien upon the equity of redemption from being barred, as against bona fide purchasers under such decree, who had paid the purchase money and obtained the conveyance without notice of such defect. He also decided that where the mortgaged premises were purchased by the complainant in the suit, he had constructive notice of the irregularity in the proceedings, and that in such a case the junior judgment creditor would be let in to make a defence, if he applied within a reasonable time, after he discovered that the decree had been entered.

Demurrer allowed with costs.